**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUSTIN LOUIS PALMER, | No.   19-56323 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cv-07780-JGB-JEM |
| v. | |
| SANTA MARIA POLICE DEPARTMENT, | MEMORANDUM* |
| Defendant, | |
| GREEN, K-9 Unit Handler of Balko, official<br>capacity; et al., | |
| Defendants, | |
| and | |
| CHRIS GREEN, Officer, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted January 11, 2021
Pasadena, California

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Dustin Palmer brought this action under 42 U.S.C. § 1983 against Officer Chris Green, alleging use of excessive force in violation of the Fourth Amendment. Officer Green appeals from the district court's order denying his motion for summary judgment on the basis of qualified immunity. We conclude that Officer Green did not violate clearly established law when he allowed his police dog to remain on bite until Palmer had been handcuffed. Accordingly, we reverse.

**1.** Under the two prongs of the qualified immunity analysis, we ask: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the officer violated a constitutional right; and (2) whether that right was "clearly established" at the time of the alleged violation. *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020). We have the discretion to resolve this appeal at either step of the analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, we need not decide whether Officer Green's actions violated Palmer's Fourth Amendment right to be free from the use of excessive force because, on the facts of this case, any such right was not clearly established at the time of the incident.

To show that the law was clearly established, Palmer must identify precedent holding that an officer's conduct violates the Constitution "under facts not distinguishable in a fair way from the facts presented in the case at hand." *Orn*, 949 F.3d at 1178 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

Palmer has failed to do so. He contends that it was unlawful for Officer Green to keep the dog on bite until Palmer was handcuffed. But our precedent does not clearly establish that Officer Green's actions violated the Fourth Amendment on the facts of this case. It is undisputed that (1) Palmer had a lengthy and violent criminal history, (2) the officers had reason to believe that Palmer was armed with a handgun on the day of the incident, (3) Palmer had evaded arrest earlier in the week, and (4) Palmer had once again evaded arrest just moments before by jumping over a second-story balcony and fleeing on foot. Moreover, he was apprehended in a busy commercial district where he could have posed a danger to civilians if permitted to escape. None of our cases holds that, in these circumstances, it is unlawful to keep a dog on bite until the point at which a suspect believed to be armed and dangerous has been handcuffed.

The primary case on which the district court relied in concluding that the law was clearly established is *Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994). But in *Chew*, the suspect had merely been pulled over for a traffic violation before fleeing and was hiding quietly in a scrapyard for an hour and a half before the officers located him. There was no basis for believing that "Chew was armed or that he posed an immediate threat to anyone's safety." *Id.* at 1441. Those facts render that case readily distinguishable from this one.

The other cases cited by Palmer are likewise distinguishable. In *Watkins v. City of Oakland*, 145 F.3d 1087 (9th Cir. 1998), the officers also had no basis to believe that the suspect was armed. *Id.* at 1090. In *Mendoza v. Block*, 27 F.3d 1357 (9th Cir. 1994), this court stated that it would constitute excessive force for a deputy to "sic[] a canine on a handcuffed arrestee who has fully surrendered and is completely under control." *Id.* at 1362. But Officer Green did not "sic" the dog on Palmer after he had been handcuffed; instead, Officer Green deployed the dog to stop Palmer from evading arrest, and commanded the dog to release its bite after Palmer was secured in handcuffs.

**2.** Palmer also contends that Officer Green delayed for an unreasonable amount of time before physically removing the dog when it failed to comply with commands. There is no evidence in the record to support this claim. Although the dog did not immediately release its bite when given the command to do so, Palmer has failed to present any facts suggesting that Officer Green waited more than a matter of seconds before intervening.

**REVERSED and REMANDED.**